# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**JUAN MARTIN NERI-VEGA,**

  **Petitioner,**

**v.**            **Case No. 5:13cv113/LC/CJK**

**UNITED STATES OF AMERICA,**

  **Respondent.**

_____/

## ORDER and
## REPORT AND RECOMMENDATION

  Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 15). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under secrion 2241, and that this action should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

  Petitioner, a federal inmate confined at the Marianna Correctional Institution ("Marianna CI"), is currently serving a sentence imposed by the United States District Court for the District of Arizona. *See United States of America v. Juan Martin Neri-Vega*, Case No. 2:10cr1473-NVW-1. In Case No. 2:10cr1473, petitioner was

convicted, pursuant to his guilty plea, of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), with enhancement pursuant to section 1326(b)(1). Petitioner did not appeal.

Petitioner collaterally attacked his conviction under 28 U.S.C. § 2255, raising three claims: 1) actual innocence, 2) incorrect calculation of criminal history points, and 3) ineffective assistance of counsel. (*See* Case No. 2:10cr1473, Doc. 29). The District Court for Arizona denied the motion on March 27, 2012. (*See* Case No. 2:10cr1473, Doc. 30).

In this habeas action, petitioner challenges his 2010 conviction and sentence on the following grounds: 1) actual innocence, 2) ineffective assistance of counsel/no investigation, 3) ineffective assistance of counsel, 4) ineffective assistance of counsel/affirmative "misadvice," 5) ineffective assistance of counsel, 6) ineffective assistance of counsel, 7) fraud upon the court by defense counsel, and 8) incompetent counsel. (Doc. 15, pp. 2-12). As relief, petitioner seeks dismissal "of the [i]ndictment against the [p]etitioner and the [u]nconditional [r]elease of the [p]etitioner and [v]oluntary [d]eparture." (Doc. 15, p. 9).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a section 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v.*

*Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. A federal prisoner may file a section 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Once a prisoner has filed his initial section 2255 motion, he is barred from making a second or successive motion except in two carefully delineated circumstances, neither of which applies here. *See* 28 U.S.C. § 2255(h) (requiring the court of appeals to certify the existence of either newly discovered evidence or a new rule of retroactively applicable constitutional law before a petitioner can file a second or successive section 2255 petition). In addition, pursuant to section 2255(e), the so-called "savings clause," a prisoner may file a section 2241 petition if the section 2255 remedy "is inadequate or ineffective to test the legality of his detention." Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this section,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

shall not be entertained it if appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, — F.3d —, 2013 WL 1482283, at *4 (11th Cir. Apr. 11, 2013)

Petitioner's claims, in more detail, are: (1) that he is actually innocent of the offense for which he was convicted because his previous deportation was instead a stipulated removal and his previous state conviction does not qualify as an aggravated felony; (2) trial counsel was ineffective because he did not conduct an adequate investigation of the circumstances surrounding the offense charged and the sentencing factors relied upon by the District Court, and thus, failed to discover *United States v. Jesus Penaloza-Mejia*, United States District Court for the Eastern District of Washington, Case No. Cr-10-2116-EFS, which proves that his enhancement offense was not a crime of violence; (3) trial counsel allowed "non-shepard" approved documents to be used to enhance petitioner's sentence, these documents also convinced petitioner to "waive not being indictmeed [sic];" (4) trial counsel advised petitioner that his previous stipulated removal was a deportation and that he had no right to challenge the illegal deportation; 5) trial counsel coerced petitioner into waiving his right to appeal in his plea agreement "without investigating prior similar offenses;" 6) trial counsel coerced petitioner into pleading

guilty; 7) trial counsel committed fraud upon the court when counsel stated he needed to conduct an investigation into whether petitioner's prior criminal conviction was a crime of violence, but failed to discover relevant applicable case law; and 8) trial counsel included an incorrect sentencing date in a letter to petitioner. (Docs. 15, 16).

The matter of petitioner's guilt was raised in his first section 2255 motion. Petitioner's sentencing claims were also raised in his first section 2255 motion. Finally, petitioner raised a claim of ineffective assistance of counsel in his first section 2255 motion. Petitioner's remaining claims–to the extent they add additional information or differ from the claims raised in his original section 2255 petition–could have been raised on direct appeal or in petitioner's original section 2255 petition. Petitioner was not convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent, and none of his sentencing claims rest upon a "circuit law-busting, retroactively applicable Supreme Court decision." *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999). Petitioner is misusing section 2241 simply to escape the restriction on second or successive section 2255 motions. The present claims raise garden variety section 2255 matters.

A section 2241 habeas petition may not be used to avoid the restrictions on second or successive section 2255 motions when a prisoner could have, but failed to, raise the claim at an earlier stage. *Wofford*, 177 F.3d at 1245 (reiterating that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Turner*, 709 F.3d at 1334 ("Section 2255(e)'s 'savings clause does not cover sentence claims that could have been raised in earlier proceedings.'") (*quoting Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir.

2011)); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) ("[A] prisoner may not avoid [the] gatekeeping [provisions] under section 2244(b) or section 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."); *Darby*, 405 F.3d at 945 ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."). Actual innocence does not establish entitlement to proceed under the savings clause; it is only considered "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding. . . ." *Wofford*, 177 F.3d at 1244 n.3 (citation omitted).

As petitioner has not demonstrated entitlement to pursue habeas corpus relief, he should not be permitted to bring his claims under section 2241.

Accordingly, it is ORDERED:

The undersigned's previous Order (doc. 17) is VACATED.

And it is respectfully RECOMMENDED:

1. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 15) be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 18th day of July, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).